CHANDLER, Administrator, *v.* RUDDICK.—On appeal.

THIS was an action of debt commenced by *Jesse Ruddick*, Junr. against *R. A. Chandler*, administrator of *William H. Sherman*, deceased. The plaintiff filed, as a cause of action, copies of three promissory notes, as follow:

"On or before the first of *June* next, we or either of us, promise to pay to *Isaac Bloss*, or order, 5 dollars and 25 cents, value received. *Nov.* 3d, 1840.

" *Wm. H. Sherman*,
"*Jesse Ruddick*, Junr."

"On or before the first of *March* next, I promise to pay *Stewart Coats*, or order, 10 dollars for value received. *Sept.* 30th, 1840.                    *Wm. H. Sherman*."

"On or before the first day of *Oct.* next, I promise to pay *Lewis Aiken*, or order, 58 dollars and 38 cents, for value received.                    *Wm. H. Sherman*."

Also, the transcript of a judgment rendered by a justice of the peace in *August*, 1841, in a suit which appears to have been docketed as against *Wm. H. Sherman* and *Jesse Ruddick*, Junr., and in which *Sherman* was served with process but did not appear, and judgment was rendered against *Ruddick* alone in favor of *Stewart Coats*, for 37 dollars and 31 cents, with interest and costs, and upon which there was a receipt by *Coats* for the full amount paid by *Ruddick*.

The defendant filed two pleas. 1st. *Nil debet;* 2d. Payment with notice of set off.

The cause was submitted to the Court, who found for the plaintiff, and rendered a judgment in his favor for

111 dollars and 54 cents debt, and 49 dollars and 62 cents damages.

By a bill of exceptions it appears that the only evidence offered by the plaintiff consisted of the original notes of which copies had been filed and which appear to have been indorsed to the plaintiff, and the transcript of the judgment before mentioned. The defendant introduced a witness who testified that about six or seven years before, he paid 40 dollars to *Ruddick* for *Sherman*, by direction of the latter. He further testified, that some time before the trial, *Sherman* informed him that he had been sued before the justice who rendered the judgment against *Ruddick*, and requested the witness to stay said judgment until he could pay it, and the witness accordingly did stay the judgment, and did not know that any other person was included in it until he went to enter the stay.

This was all the proof in the case, and it was clearly insufficient to support the judgment, which was for the full amount of all the notes, and that of the judgment before the justice of the peace.

The first note filed is joint and several, signed by *Sherman* and *Ruddick*. *Ruddick* was not entitled to recover the amount of the estate of *Sherman* unless he signed the note as *Sherman's* security. There is no evidence whatever that *Ruddick* had executed this note or that the judgment before the justice had been obtained against him as the surety of *Sherman*, and that he had paid the debts in that capacity. In the absence of all proof it would be presumed that he was a principal in the note and in the debt upon which the judgment was rendered.

The judgment is reversed with costs. Cause remanded for a new trial.